**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4107-18T3

IN THE MATTER OF
STATE OF NEW JERSEY
STATE POLICE,

     Petitioner-Respondent,

and

STATE TROOPERS FRATERNAL
ASSOCIATION,

     Respondent-Appellant.

_____

Argued March 4, 2020 – Decided May 22, 2020

Before Judges Alvarez, Suter, and DeAlmeida.

On appeal from the New Jersey Public Employment Relations Commission, P.E.R.C. Nos. 2019-30 and 2019-43.

Michael Albert Bukosky argued the cause for appellant (Loccke Correia & Bukosky, attorneys; Michael Albert Bukosky, of counsel and on the briefs).

Emily Marie Bisnauth, Deputy Attorney General, argued the cause for respondent State of New Jersey, Division of State Police (Gurbir S. Grewal, Attorney

General, attorney; Donna Sue Arons, Assistant Attorney General, of counsel; Emily Marie Bisnauth, on the brief).

John Andrew Boppert, Deputy General Counsel, argued the cause for respondent New Jersey Public Employment Relations Commission (Christine R. Lucarelli, General Counsel, attorney; John Andrew Boppert, on the statement in lieu of brief).

PER CURIAM

The State Troopers Fraternal Association (STFA) appeals a February 28, 2019 final decision made by the New Jersey Public Employment Relations Commission (PERC). The STFA also appeals an April 25, 2019 PERC decision denying reconsideration.[1] For the reasons stated by PERC in its cogent analysis, we affirm.

On January 3, 2017, New Jersey State Trooper Joseph Trogani requested twelve weeks of paid family leave to care for his newborn child; his fiancée was due within days. He was granted six weeks of paid leave, deducted from his vacation and disability leave, however, he was informed the remaining six weeks of leave would be without pay.

---

[1] STFA's notice of appeal listed only the February 28 order, and should have included the reconsideration decision. Because SFTA acknowledges the oversight but points out that it gave the respondents notice of its intent to appeal that decision by attaching it to the notice, we include it in our discussion.

On behalf of Trogani, the STFA appealed the denial. In its response, the Time and Leave Management Unit of the New Jersey State Police stated that "[a] fiancée is not recognized as an immediate family member under N.J.A.C. 4A:6-1.21 and 4A:4-1.3 and use of sick time to bond with a newborn is not appropriate use of sick leave."

Ultimately, STFA filed with PERC a request to submit the issue to a panel of arbitrators. The State Police's responding petition alleged that "since the state is required to follow the law governing permissible use of leave benefit time the issue/s being arbitrated are outside the scope of negotiations petition."

PERC agreed that the subject matter in dispute did not come within the scope of collective negotiations. Pursuant to Patterson Police PBA No. 1 v. City of Patterson, arbitration of a grievance is barred when preempted. 87 N.J. 78, 92-93 (1981). PERC concluded that both the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 to 2654, and the New Jersey Family Leave Act (FLA), N.J.S.A. 34:11B-1 to -16, preempted the issues Trogani raised.

The FMLA does not prevent employers from negotiating more generous leave policies than those established by the Act. But, in New Jersey's FMLA implementing regulation, childbirth is not included in allowable reasons for sick leave. PERC further held that the FLA also preempted negotiations because it

A-4107-18T3

relies on identical language to that found in the FMLA. Leave for childbirth may be paid, at an employee's election, from "accrued paid vacation leave, personal leave, or family leave."

Furthermore, routine childbirth is not a "serious health condition" and, thankfully, there was no evidence that the as-yet unborn child was ill. Trogani's fiancée was not an "immediate family member" for purposes of sick leave.

PERC also declined to consider the STFA's discrimination claim, because arbitration was not the appropriate forum. Thus, it granted the State Police's request for restraint of binding arbitration.

In the reconsideration petition, Trogani raised arguments not previously made. They included that N.J.S.A. 34:11B-14 permitted his proposed use of paid sick leave, that the Civil Service regulations cited by PERC in its original decision might not apply to State troopers, and, in the alternative, that the regulations did not preempt arbitration. By the time the reconsideration petition was filed, the Civil Service Commission had proposed a rule change which would likely include Trogani's fiancée in the definition of "immediate family member." See N.J.A.C. 4A:1-1.3.

PERC concluded that the STFA had not "demonstrated extraordinary circumstances" or issues of "exceptional importance" which would have

compelled reconsideration, and denied the motion. On appeal, the STFA raises the following issues:

> POINT I
> THE LEGISLATURE HAS SPECIFICALLY MANDATED THAT BENEFITS WHICH EXCEED THE STATE FAMILY LEAVE ACT ARE MANDATORILY NEGOTIABLE
>
> POINT II
> ADMINISTRATIVE COMITY REQUIRED THAT PERC "STAY ITS HAND" AND [] TRANSFER THE MATTER TO CIVIL SERVICE FOR THAT AGENCIES [sic] CLARIFICATION OF ITS OWN REGULATIONS
>
> A. THE COMMISSION ERRED WHEN IT DETERMINED THAT THE REGULATION IN QUESTION WAS PREEMPTIVE WHERE CIVIL SERVICE HAS LIBERALLY INTERPRETED THE REGULATION IN THE PAST
>
> POINT III
> PERC ERRED WHEN IT APPLIED CIVIL SERVICE SICK LEAVE REGULATIONS WHICH ARE INAPPLICABLE TO STATE TROOPERS
>
> POINT IV
> PERC ERRED WHERE ENTITLEMENT TO A PAID LEAVE OF ABSENCE IS MANDATORILY NEGOTIABLE AND IS NOT PREEMPTED BY THE FAMILY LEAVE ACT
>
> POINT V
> PERC ERRED AS THE EMPLOYER'S DISCRIMINATORY TREATMENT OF THE

GRIEVANT FOLLOWING HIS REQUEST FOR FAMILY LEAVE IS NOT PREEMPTED BY ANY LAW

## I.

Generally, we defer to the findings of an administrative agency in the absence of a showing that it was arbitrary, capricious, or unreasonable, or not supported by substantial credible evidence. Zimmerman v. Sussex Cty. Educ. Srvs. Comm'n, 237 N.J. 465, 475 (2019) (citing In re Stallworth, 208 N.J. 182, 194 (2011)). However, where a legal question of statutory construction is involved, we are not bound by the agency's interpretation of a statute or determination of a strictly legal issue, if unreasonable. Id. at 475-76.

## II.

"PERC has primary jurisdiction to make a determination on the merits of the question of whether the subject matter of a particular dispute is within the scope of collective negotiations." Ridgefield Park Educ. Ass'n v. Ridgefield Park Bd. of Educ., 78 N.J. 144, 154 (1978). Such subject matter includes either "mandatorily negotiable terms and conditions of employment [or] non-

A-4107-18T3

negotiable matters of governmental policy." In re Local 195, IFPTE, AFL-CIO, 88 N.J. 393, 402 (1982).

A subject is negotiable when it "has not been fully or partially preempted by statute or regulation . . . ." Id. at 404. "[A]n otherwise negotiable topic cannot be the subject of a negotiated agreement if it is preempted by legislation." Bethlehem Twp. Bd. of Educ. v. Bethlehem Twp. Educ. Ass'n, 91 N.J. 38, 44 (1982). "When legislation or a regulation 'establishes a specific term or condition of employment that leaves no room for discretionary action, then negotiation on that term is fully preempted.'" Borough of Keyport v. Int'l Union of Operating Eng'rs, 222 N.J. 314, 336-37 (2015) (quoting Local 195, 88 N.J. at 403). A statute or regulation does not preempt negotiations over an employment condition unless it fixes the condition "expressly, specifically and comprehensively." Bethlehem Twp. Bd. of Educ., 91 N.J. at 44. For preemption to apply, there must be no room for debate as to the employer's discretion on the subject. Ibid; Borough of Keyport, 222 N.J. at 337.

The FMLA allows an employee to use paid vacation, personal, or family leave on the occasion of the birth of a child. 29 U.S.C. § 2612(d)(2)(A). This does not include sick leave. An employee may use paid sick leave to care for a spouse, child, or a parent with a serious health condition. § 2612(d)(2)(B).

7

New Jersey's regulation regarding the FMLA recognizes an employee's use of paid leave as FMLA leave so long as the entitlement to the leave is proven. N.J.A.C. 4A:6-1.21B(i). Both the FMLA and FLA permit the use of sick leave for the care of a seriously ill member of the employee's immediate family, but the definition does not explicitly include fiancées. See N.J.A.C. 4A:1-1.3; N.J.A.C. 4A:6-1.3(g)(3).

New Jersey allows twelve weeks of family leave when a family member has a serious health condition or for the birth of a child. Such leave may be "paid, unpaid, or a combination of" both. N.J.S.A. 34:11B-4(d). An employee may use paid leave for family leave purposes—and by paid leave, the term includes an employee's vacation, sick, or administrative leave time. N.J.A.C. 4A:6-1.21A(j). The regulation governing sick leave includes care for a seriously ill member of the employee's immediate family. N.J.A.C. 4A:6-1.3(g).

The FMLA and the FLA preclude the use of paid sick leave for the birth of an employee's child. The FMLA permits use of vacation, personal, or family leave for the birth of a child. § 2612(d)(2)(A). The FLA regulation allows use of paid sick leave for personal injury to the employee or care of a seriously ill member of the employee's immediate family, among other circumstances. N.J.A.C. 4A:6-1.3(g). Thus, conditions for using sick leave as it relates to the

birth of a child are "express[], specific[,] and comprehensive[]."  Bethlehem

Twp. Bd. of Educ., 91 N.J. at 44.  The legislation preempted negotiation of the

matter or arbitration of the issue.

Under both the FMLA or the FLA, the normal birth of a healthy child is

simply not a "serious health condition," as Trogani suggests. Nothing further

needs to be said on that point.

Currently, the definition of "immediate family member" includes "other

relatives residing in the employee's household or any other individual whose

close association with the employee is the equivalent of a family relationship[.]"

N.J.A.C. 4A:1-1.3.  This definition likely includes Trogani's fiancée and would

have allowed him to use paid sick leave while she was recovering from the

childbirth, or at least bring the issue before the panel of arbitrators.  However,

at the time PERC considered the matter in April 2019, the regulation did not

include that phrase, and nothing suggests the updated definition was meant to

be applied retroactively.  We see no error in PERC's interpretation of the

amendment to mean it did not apply.

We discuss the statute belatedly raised by the STFA only briefly.  The

statute provides that an employer may not reduce benefits required by a

collective bargaining agreement which may be in excess of the provisions found

9

in the FLA.  N.J.S.A. 34:11B-14.  The statute does not bar negotiation in excess of the statutory floor but does not affect consideration of preempted arguments.

The STFA urges us to consider an unpublished case, In re Madison Board of Education, No. A-3794-14 (App. Div. May 6, 2016),[2] as support because since PERC was a party to the litigation, the case is binding.  But Madison, even if it were binding on PERC, addresses a different question.  It involved the discretion vested in an employer to provide greater leave benefits than the minimum level of rights or benefits statutorily secured to a public employee.  If the Board had discretion to provide a greater leave benefit, then the issue would not have been preempted and would have been mandatorily negotiable.  However, when a statute or regulation sets a maximum level of rights or benefits, any proposal to go beyond that maximum is not negotiable and is preempted.  See State v. State Supervisory Emp. Ass'n, 78 N.J. 54, 81-82 (1978).  Such is the case here.

Here, the Legislature established the maximum level of sick leave rights. The regulation lists four ways in which an employee may use sick leave, and that is the maximum level of the right to do so under the FLA.

---

[2]  Rule 1:36-3 states that unpublished opinions do not constitute precedent on any court and, with few exceptions, no court shall cite to an unpublished opinion. However, since the STFA contends the case is binding on the agency, we will briefly address the issue.

A-4107-18T3

N.J.A.C. 4A:6-1.3(g). Use of sick leave is not negotiable because it has been limited by statute and regulation.

On questions of statutory construction, although not bound by the agency's interpretation, we will defer to it in the absence of any showing it was arbitrary, capricious, or unreasonable. See Zimmerman, 237 N.J. at 475. We do so here.

III.

In its original petition, the STFA argued that the distinction between a fiancée and a spouse was discriminatory. As PERC correctly opined, however, claims of discrimination are not subject to binding arbitration when based on a term of employment not mandatorily negotiable. See Troy v. Rutgers, 168 N.J. 354, 382-85 (2001); Teaneck Bd. of Educ. v. Teaneck Teachers Ass'n, 94 N.J. 9, 20 (1983). The issue of sick leave, because it is not mandatorily negotiable, requires the alleged discrimination claim be addressed in another forum.

IV.

Finally, the STFA contended for the first time on reconsideration that the provisions relied upon by PERC in concluding that preemption barred arbitration were not applicable to State trooper employees because they fall within an unclassified service. As the STFA acknowledges in its brief, "it is unclear whether they apply to the STFA or its members."

A-4107-18T3

To the contrary, the State Family Leave Regulation defines "employee" as "a person who is employed for at least [twelve] months by an employer, . . . and includes employees in the career, senior executive and unclassified services." N.J.A.C. 4A:6-1.21A(b)(3). For purposes of application of the FLA to State troopers, the issue is certain. FLA regulations apply to State troopers who are in the unclassified services.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4107-18T3